UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMED FOFANA,

Petitioner,

v.

IMMIGRATION AND CUSTOMS ENFORCEMENT et al.,

Respondents.
______________________________/

Case No. 1:26-cv-2576

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.8.)

In an Order entered on September 21, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of the May 19, 2026, bond hearing on September 24, 2026. (Resp., ECF No. 6; Recording of May 19, 2026, Bond Hearing, filed on Sep. 24, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Guinea who entered the United States in 2004. Op., *Fofana v. Mullin* (*Fofana I*), No. 1:26-cv-1260 (W.D. Mich. May 13, 2026) (ECF No. 8.) On January 21, 2026, Petitioner was arrested by ICE agents. *Id.*

On April 20, 2026, Petitioner filed a § 2241 petition challenging his initial bond hearing in *Fofana I*. In *Fofana I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Fofana I*, (W.D. Mich. May 13, 2026) (ECF Nos. 8, 9.)

On May 19, 2026, Petitioner received a second bond hearing pursuant to § 1226(a). Immigration Judge Order, *Fofana I*, (W.D. Mich. May 21, 2026) (ECF No. 10-1). At the conclusion of that hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Flight risk. Multiple ATD violations. Respondent conceded to the violations during his testimony." *Id.*

## III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on May 19, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: September 29, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge